IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRITTANY GARVER<br>on behalf of A.F.,<br><br>        Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social<br>Security,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 3:21-cv-824-JTA<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Unopposed Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g) filed by the Acting Commissioner of Social Security ("Commissioner") on March 4, 2022. (Doc. No. 11.) In her motion, the Commissioner states remand is appropriate under sentence six due to inaudible portions of the administrative hearing conducted in this case. (*Id*. at 2.)

Sentence six of 42 U.S.C. § 405(g) provides that this court "may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action . . . ." *See* 42 U.S.C. § 405(g). Sentence six specifically contemplates that a court "may . . . order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that . . . there is good cause for the failure to

incorporate such evidence into the record in a prior proceeding . . . ." *Id*. See also *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991).

The Court agrees that irregularities in the recording process for Plaintiff's hearing before the administrative law judge constitute cause for remand in this case and require a new hearing and decision. (Doc. No. 11 at 2.) Moreover, Plaintiff does not oppose the motion. (*Id*.) Further, pursuant to 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge. (Docs. No. 9, 10.)

Accordingly, it is hereby

ORDERED as follows:

1. The Commissioner's motion (Doc. No. 11) is GRANTED.

2. The decision of the Commissioner is hereby REVERSED.

3. This matter is hereby REMANDED to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g).[1]

---

[1] "In a sentence-six remand, the statutory provision itself specifically requires the Commissioner to return to district court to file additional or modified findings of fact after the new evidence is heard. Because the parties must return to district court after the remand proceedings to file the Commissioner's findings of fact, the district court retains jurisdiction over the case throughout the remand proceedings. Thus, unlike a sentence four remand, a sentence-six remand is not a final judgment under the EAJA, and the window for filing an EAJA fee application does not open until judgment is entered in the district court following completion of the remand proceedings." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996) (citations omitted) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 98-99, 102 (1991)).

DONE this 7th day of March, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE